NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LEE MOSTAFA HOSSEINI, *Appellant*.

No. 1 CA-CR 22-0366
FILED 6-1-2023

Appeal from the Superior Court in Yavapai County
Nos.  P1300CR202001231
P1300CR202001400
P1300CR202180213
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

¶1          This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Lee Hosseini has advised this court that he has found no arguable questions of law and asks us to search the record for fundamental error. Hosseini pleaded guilty to three counts of criminal damage, two counts of aggravated harassment, and one count of destruction of or injury to public jail. After violating the terms of his probation, he was sentenced to prison for a total of three years. He was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Hosseini's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2          We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Hosseini. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In October 2020, the State charged Hosseini with aggravated harassment and disorderly conduct, alleging that he had disturbed and harassed his neighbors while an order of protection against him was still in place. About a month later, the State charged Hosseini with one count of aggravated assault, one count of criminal littering or polluting, two counts of criminal damage, and one count of criminal trespass in the third degree. The State alleged that Hosseini had again harassed his neighbors, damaged their property, and trespassed on their property. It also alleged that Hosseini had littered by placing cement bags on public property. About five months later, the State charged Hosseini with criminal damage and destruction of a public jail, alleging that Hosseini, while in custody, had damaged the jail windows, walls, and towel racks.

¶3          Hosseini entered into a plea agreement in all three cases and pleaded guilty to three counts of criminal damage, two counts of aggravated harassment, and one count of destruction of or injury to public jail. The trial court placed Hosseini on supervised probation for a total of

eight years. Under the conditions of his supervised probation, Hosseini was prohibited from possessing firearms and alcohol and was required to grant his probation officer access to his home. A few months later, the State petitioned to revoke Hosseini's probation, alleging that he had violated the conditions of his probation by possessing firearms and alcohol, and denying his probation officer access to his home. The trial court held a probation violation hearing.

¶4            At the hearing, Hosseini's probation officer testified that he had tried to conduct a probation check at Hosseini's home, but Hosseini refused to grant him access. A few days later, the police received several reports of firearm discharges at Hosseini's home. The officers detained Hosseini, and the Probation Department conducted a probationary search at his home. During the search, the officers found more than 25 firearms, ammunition, and alcohol throughout the home. Hosseini testified that he was aware that under the conditions of his probation he was not to possess firearms or alcohol and grant access to the probation officer to enter his home whenever requested.

¶5            The trial court found that Hosseini had violated the term of his probation and revoked probation. It sentenced Hosseini to a term of 3 years' imprisonment for one count of criminal damage and to a concurrent term of 2 years' imprisonment for one count of destruction of a public jail. He was awarded 20 days of presentence incarceration credit. For the remaining counts, he was sentenced to a 574-day jail term, with 574 days of presentence incarceration credit.

## DISCUSSION

¶6            We review Hosseini's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Hosseini has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, the Arizona Rules of Evidence, and constitutional requirements. The sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Hosseini's convictions and sentences.

¶7            Upon the filing of this decision, defense counsel shall inform Hosseini of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue

appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Hosseini shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶8      We affirm.

